# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| Henry Lee, | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| v. | ) | Case No: 08 C 50212 |
| Rockford Metro, et al., | ) | |
| *Defendants.* | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's motion for default judgment [86] is denied. Plaintiff is ordered to show cause by 4/25/2014 at 2:00 p.m. why defendants "Rockford Metro Police" and Michael Novay should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to effectuate proper service on these defendants.

## STATEMENT

Currently before the court is plaintiff's amended motion for default judgment against defendant, "Rockford Metro Police," in which plaintiff alleges that defendant was served with process on March 29, 2010, and has failed to plead or otherwise defend. In support of the motion, plaintiff has attached a return of service indicating that "Rockford Metro Police," a corporation, was served by delivering a copy of the summons and complaint on Shelly Russell, who is listed on the return as an agent of the corporation. Because the court concludes that service was not proper, plaintiff's amended motion for default judgment is denied.

Federal Rule of Civil Procedure 4(h) provides, in relevant part, that service on a corporation can be made by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h). In reviewing whether Shelly Russell was the registered agent for "Rockford Metro Police" through the corporate database on the Illinois Secretary of State's website, available at http://www.ilsos.gov/corporatellc, the court discovered that there is no corporate entity known as "Rockford Metro Police." Accordingly, the court declines to issue a default judgment against a non-existent entity.

After only a brief investigation, the court was able to determine that the corporate entity plaintiff is attempting to sue is commonly known as Metro Enforcement. A search for that name on the corporate database reveals an entity named On-line Security Systems, LLC, which is doing business under the name Metro Enforcement and has a principal place of business at 618 E. State St. in Rockford, Illinois, the same address to which the summons was directed by plaintiff. That corporate entity's registered agent is Dennis A. Wysong, and he has been the registered agent since

at least December 3, 2004.  Accordingly, even putting aside that plaintiff has misnamed the defendant, he still cannot show proper service on the corporation because Shelly Russell is not the registered agent.

For these reasons, plaintiff's amended motion for default judgment against "Rockford Metro Police" is denied.  Furthermore, because this case is set for trial next week, the court has reviewed the remainder of the docket and now orders plaintiff to show cause by April 25, 2014 at 2:00 p.m. why defendants "Rockford Metro Police" and Michael Novay should not be dismissed pursuant to Rule 4(m) for failure to effectuate proper service on these defendants.  The current operative complaint in this matter, which is styled an "Amended Complaint" although it is actually a second amended complaint, has been pending for more than four years and it appears that neither defendant has been properly served.  A Rule 41(a)(1)(A)(i) motion to voluntarily dismiss these defendants would obviate the need to show cause as ordered herein.

Date: 4/22/2014              ENTER:

                             _____

                             FREDERICK J. KAPALA

                             District Judge